# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOE ONE, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, *et al.*,<br><br>Defendants. | CASE NO. SACV-13-00864-DOC (JPRx)<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING DISSEMINATION OF CLASS NOTICE**<br><br>Date:         April 28, 2014<br>Time:         8:30 a.m.<br>Judge:        Hon. David O. Carter<br>Trial Date:   Not Set<br><br>Complaint Filed: June 7, 2013 |

THIS MATTER having been brought before the Court jointly by Plaintiffs JOHN DOES ONE through FIVE, through their attorneys Whatley Kallas LLP and Consumer Watchdog (together, "Plaintiffs' Counsel"), and by Defendants UnitedHealthcare Insurance Company, OptumRx, Inc., Pacificare Life and Health Insurance Company, UHC of California d/b/a UnitedHealthcare of California, and UnitedHealth Group (collectively, "United"), through their attorneys, Hogan Lovells US LLP, pursuant to Fed. R. Civ. Proc. 23(e), for entry of an Order granting the Joint Motion for Entry of Order Preliminarily Approving Settlement and Class Notice Program (the "Motion"); and the Court having reviewed the

submissions of the parties, having held a hearing on April 28, 2014, and having found that the parties are entitled to the relief they seek, and for good cause shown;

IT IS ORDERED that the Motion is GRANTED, and it is further ORDERED as follows:

1. The proposed Settlement Agreement and Release (the "Settlement Agreement"), submitted with the Motion as Ex. 1 to the Declaration of Alan M. Mansfield, falls "within the range of possible approval." Federal Judicial Center, *Manual for Complex Litigation* ("MCL 4th") §21.632 (4th ed. 2004). Accordingly, the Settlement Agreement is preliminarily approved, subject to a further determination to be made after a Fairness Hearing, as defined below, and is sufficient to warrant sending notice to the Class, as set forth below and in the Settlement Agreement.[1]

2. Based upon the submissions of counsel for the parties, and for purposes of settlement only, the Court conditionally certifies a Class pursuant to Fed. R. Civ. Proc. 23(a) and (b)(3) comprised of all natural persons who have been diagnosed as having HIV or AIDS ("HIV/AIDS"), who are or have in the past been prescribed a medication that the Specialty Pharmacy identifies as a medication for the treatment of HIV/AIDS, who do not opt out of the class defined in the Order of Preliminary Approval and who, as of the date of this Agreement, (i) are enrolled in or covered by any health plan offered or administered by United or its Affiliates that includes a prescription drug benefit including but not limited to insured and self-funded ERISA plans, individual plans, governmental plans, and church or group plans, (ii) are prescribed HIV/AIDS Specialty Medications, and (iii) are required to participate in the Program.

3. The Court provisionally finds, for purposes of settlement only, that: (a) the Class Members are so numerous as to make joinder of them impracticable;

---

[1] Except as otherwise specified herein, all capitalized terms set forth in this Order shall have the same meaning as that set forth in the Settlement Agreement.

(b) there are questions of law and fact common to the Class; (c) the Plaintiffs' claims and the defenses asserted thereto are typical of the claims of Class Members and the defenses asserted thereto; (d) JOHN DOES ONE through FIVE and Plaintiffs' Counsel have fairly and adequately protected the interests of Class Members throughout this action; (e) questions of law or fact relating to the settlement that are common to Class Members predominate over any questions affecting only individual Members, and (f) a class action is superior to all other available methods for fairly and efficiently resolving this action, considering: (i) the interests of the Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of the litigation concerning the controversy already commenced by Class Members; (iii) the desirability and undesirability of concentrating the litigation of these claims in a particular forum; and (iv) the difficulties likely to be encountered in the management of a class action.

    4.    The Court's conditional certification of the Class and its provisional findings are solely for purposes of effectuating the proposed settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification and provisional findings shall automatically be void and of no further effect, and the parties to the settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted but for the Settlement Agreement.

    5.    A final hearing (the "Fairness Hearing") shall be held before this Court on July 14, 2014 at 8:30 a.m., to determine whether (a) class certification for settlement purposes should be finally approved, (b) the Settlement Agreement should receive final approval as fair, reasonable, adequate, and in the best interests of the Class; (c) final approval of the Settlement Agreement should be granted; (d) final judgment should be entered dismissing the First Amended Complaint filed

in the above-captioned action with prejudice consistent with the terms provided for in the Settlement Agreement; (e) the application of Plaintiffs' Counsel for the payment of attorneys' fees and reimbursement of expenses and payments to Class representatives is reasonable and should be approved; and (f) such other matters as the Court may deem necessary and appropriate. All papers in support of such requests shall be filed with the Court no later than May 29, 2014. The Fairness Hearing may be postponed, adjourned or continued by further order of this Court, without further notice to the Class.

6. At the Fairness Hearing, the Court will consider and determine whether the Settlement Agreement should be finally approved as fair, adequate and reasonable in light of any objections that may be presented by Class Members and the parties' responses to any such objections. Any Class Member may object to the fairness, reasonableness or adequacy of the proposed settlement. Any Class Member who so objects also may appear at the Fairness Hearing, in person or through counsel, to show cause why the proposed settlement should not be approved as fair, adequate and reasonable. Each Class Member who wishes to object to any term of the Settlement Agreement must do so in writing by filing a written objection with the Clerk of the Court and mailing it to counsel for the parties. Any such objection must be filed with the Clerk of the Court and received by counsel for the Parties no later than June 23, 2014. The objection must (a) include the case name and case number; (b) include a statement identifying whether the Class Member has objected to any class action settlement in the last five years and if so, the name of the lawsuit in which such objection was made; (c) include copies of any materials that will be submitted to the Court or presented at the Fairness Hearing; (d) state whether the Class Member or his counsel intends to appear in person at the Fairness Hearing; (e) be signed by the Class Member; and (f) state in detail: (i) the legal and factual ground(s) for the objection, (ii) the Class Member's, name, address and, if available, telephone number, and (iii) if

represented by counsel, such counsel's name, address and telephone number. Any objection that fails to satisfy the requirements of this Paragraph, or that is not properly and timely submitted, shall be deemed ineffective, will be disregarded by the Court, and will be deemed to have been waived.

7. The settling parties may respond to any objections that are filed. Any such response must be filed with the Clerk of the Court and received by the objector(s) and their counsel no later than July 7, 2014.

8. Any Person who is within the scope of the Class, but who wishes to be excluded from membership in the Class must do so in writing by mailing a request for exclusion from the Class to the persons listed in the Notice, so that such request is postmarked no later than June 23, 2014 (the "Opt-Out Deadline"). The request for exclusion must be personally signed by the Person requesting exclusion and contain a statement that indicates a desire to be excluded from the Class. Any request for exclusion that fails to satisfy the requirements of this paragraph or that is not properly and timely submitted, as required above, shall not be effective. A Person submitting such a request shall be deemed to have waived all rights to opt out of the Class, and shall be deemed a Class Member for all purposes pursuant this Order.

9. The Court finds that the proposed manner and content of the Notice Program specified in the Settlement Agreement and the Motion, including (i) first class mailed notice to all persons within the scope of the Class that Defendants can reasonably identify, (ii) information on a settlement website (www.UnitedHIVSettlement.com), and (iii) publishing notice in *USA TODAY, The Los Angeles Times, The San Francisco Chronicle,* and *The New York Times*, will provide the best notice practicable to the Class Members under the circumstances. This Notice Program shall be completed on or before May 8, 2014. All costs incurred in connection with the preparation and dissemination of any notices to the Class shall be borne by United as set forth in the Settlement Agreement.

1      10.    Prior to the Fairness Hearing, the Settlement Administrator shall file a sworn statement attesting to compliance with the Notice Program.

    11.    Class Members shall not institute, maintain, or proceed in any action against the Released Parties, or counsel for the Released Parties, as applicable, after the Opt-Out Deadline with respect to any of the claims released by Section III.8 of the Settlement Agreement pending further order of this Court.  If the Settlement Agreement is finally approved, the Court shall enter a separate Order finally approving the Settlement Agreement, and entering judgment consistent with the terms of the Settlement Agreement.

    12.    In the event that the proposed settlement provided for in the Settlement Agreement is not approved by this Court, or entry of the final order and judgment set forth herein does not occur for any reason, then the Settlement Agreement, all drafts, negotiations, discussions, and documentation relating thereto, and all orders entered by this Court in connection therewith shall become null and void without further Court Order.  In such event, the Settlement Agreement and all negotiations and proceedings relating thereto shall be withdrawn without prejudice to the rights of the Parties, who shall be restored to their respective positions as of the date of the execution of the Settlement Agreement.

DATED: April 29, 2014

*David O. Carter*
HON. DAVID O. CARTER
U.S. District Court Judge

ORDER GRANTING PRELIM. APPROVAL OF CLASS ACTION    CASE NO.: SACV-13-000864-DOC (JPRx)
SETTLMENT & DIRECTING DISSEMINATION OF CLASS NOTICE