1

JS-6

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

10

| | |
|---|---|
| JOHN DOE ONE, et al., on behalf of themselves and all others similarly situated, | CASE NO. SACV-13-00864-DOC (JPRx) |
| | CLASS ACTION |
| Plaintiffs, | **ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PAYMENTS TO CLASS REPRESENTATIVES  [54]** |
| v. | |
| UNITEDHEALTHCARE INSURANCE COMPANY, *et al.*, | Date:         July 22, 2014 |
| | Time:         8:30 a.m. |
| Defendants. | Judge:        Hon. David O. Carter |
| | Trial Date:   Not Set |
| | Complaint Filed:  June 7, 2013 |

19          THIS MATTER having been brought before the Court jointly by Plaintiffs,

20    through their attorneys, Whatley Kallas, LLP and Consumer Watchdog (together,

21    "Plaintiffs' Counsel"), and by Defendants, UnitedHealthcare Insurance Company,

22    OptumRx, Inc., Pacificare Life and Health Insurance Company, UHC of California

23    d/b/a  UnitedHealthcare  of  California,  and  UnitedHealth  Group  (collectively,

24    "United"), through their attorneys, Hogan Lovells LLP, pursuant to Fed. R. Civ. P.

25    23(e), for an Order granting final approval of a class action settlement, and the

26    application of Plaintiffs' Counsel for approval of payment of attorneys' fees and

27    reimbursement of expenses, and payments to the Plaintiffs (together, the "Motion");

28    and the Court, having reviewed the submissions of the parties and all purported

-1-

members of the Class, having held a hearing on July 22, 2014, and having found that the parties are entitled to the relief they seek for the reasons stated on the record during the hearing on the Motion and based upon the submission of the parties, and for good cause shown, the Court makes the following findings:

1.　　The Court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. §§ 1331 and 1367, and over all the parties to this lawsuit and all members of the Class.

2.　　Capitalized terms used in this Order that are not otherwise defined herein have the meaning assigned to them in the Settlement Agreement.

3.　　Notice to the Class and the appropriate public officials pursuant to the provisions of the Class Action Fairness Act has been provided in accordance with this Court's Preliminary Approval Order.  Such notice has been provided in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances and satisfies the requirements of due process.  The Notice apprised all persons within the scope of the Class of the pendency of the litigation, of all material elements of the proposed settlement, of the effect of the settlement on the members of the Class, of the opportunity to Opt Out of the Class, and of the opportunity to comment on and/or object to the settlement and to appear at the Fairness Hearing.  Full opportunity has been afforded to the members of the Class to participate in the Fairness Hearing.  Accordingly, the Court determines that all persons within the scope of the Class who have not opted out are bound by this Order and by the final judgment to be entered pursuant thereto.

4.　　The Court has held a hearing to consider the fairness, reasonableness and adequacy of the settlement, has been advised of all comments on the settlement, and has given fair consideration to such comments.

5.　　The Settlement Agreement and Release dated March 19, 2014 (the "Settlement Agreement"), was arrived at after extensive arm's-length negotiations conducted in good faith by counsel for all parties in the above-captioned action.

6.     This litigation presents difficult and complex issues as to which there are substantial grounds for difference of opinion.

7.     The settlement, as provided for in the Settlement Agreement, is in all respects fair, reasonable, adequate and proper and in the best interests of the Class in light of the complexity, expense and duration of the litigation, and the risks inherent and involved in establishing liability and damages, and in maintaining class action status through trial and appeals.  In reaching this conclusion, the Court has considered a number of factors, including (a) an assessment of the likelihood that the Plaintiffs and/or the Class would prevail at trial; (b) the range of possible outcomes of a trial; (c) the consideration provided to members of the Class pursuant to the Settlement, as compared to the range of possible outcomes of a trial discounted for the inherent risks of litigation; (d) the complexity, expense and possible duration of such litigation in the absence of a settlement; (e) the nature and extent of any objections to the settlement; and (f) the stage of proceedings at which the settlement was reached.

8.     No purported members of the Class filed timely and valid objections to the settlement, and only 38 persons within the scope of the Class have submitted valid and timely requests for exclusion from the Class, which are hereby recognized.

9.     The promises and commitments of the Parties under the terms of the Settlement Agreement constitute fair value given in exchange for the releases set forth in the Settlement Agreement and as detailed herein.

10.     The Parties and each Class Member have submitted to the jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement except as otherwise provided herein.

11.     It is in the best interests of the Parties and the Class Members, and consistent with principles of judicial economy, that any dispute between any Class Member and any of the Released Parties that in any way relates to the applicability

or scope of the Settlement Agreement should be presented exclusively to this Court for resolution by this Court except as provided for in the Settlement Agreement in terms of certain types of claims that are to be submitted to the Compliance Dispute Officer for resolution.

Based upon the foregoing findings, and all of the evidence presented in the record, IT IS HEREBY ORDERED AS FOLLOWS:

1.     The Settlement Agreement submitted with the Motion is finally approved as fair, reasonable, adequate, just, and in the best interests of the Class Members.   The Parties are hereby directed to consummate the Settlement Agreement and comply with the relief described in the Settlement Agreement in accordance with the terms of the Settlement Agreement.

2.     Based upon the submissions of the Parties, and for purposes of settlement only, the Court finds as to the Class that: (a) the Class Members are so numerous as to make joinder of them impracticable; (b) there are questions of law and fact common to the Class; (c) the Plaintiffs' claims and the defenses asserted thereto are typical of the claims of Class Members and the defenses asserted thereto; (d) the Plaintiffs and Plaintiffs' Counsel have fairly and adequately protected the interests of Class Members throughout this action; (e) questions of law or fact relating to the settlement that are common to class members predominate over any questions affecting only individual members, and (f) a class action is superior to all other available methods for fairly and efficiently resolving this action, considering: (i) the interests of the Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of the litigation concerning the controversy already commenced by Class Members; (iii) the desirability and undesirability of concentrating the litigation of these claims in a particular forum; and (iv) the difficulties likely to be encountered in the management of a class action.  The Court confirms these previous findings made based on the record submitted to the Court.  The Court approves Plaintiffs and

-4-

Plaintiffs' Counsel as representatives of the Class and finally certifies a Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes only comprised of all natural persons who have been diagnosed as having HIV or AIDS ("HIV/AIDS"), who are or have in the past been prescribed a medication that the Specialty Pharmacy identifies as a medication for the treatment of HIV/AIDS, who do not opt out of the class defined in the Order of Preliminary Approval and who, as of the date of the Settlement Agreement, (i) are enrolled in or covered by any health plan offered or administered by United or its Affiliates that includes a prescription drug benefit including but not limited to insured and self-funded ERISA plans, individual plans, governmental plans, and church or group plans, (ii) are prescribed HIV/AIDS Specialty Medications, and (iii) are required to participate in the Program.

3.    Notwithstanding the certification of the foregoing Class and appointment of class representatives for purposes of effecting the Settlement, if this Order is reversed on appeal or the Settlement Agreement is terminated or not consummated for any reason, the foregoing certification of the Class and appointment of class representatives shall be automatically void and of no further effect and the parties to the settlement shall be returned to the status each occupied before entry of this Order, without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted but for the Settlement Agreement.

4.    The proposed payments to the Plaintiffs, as set forth in the Settlement Agreement and in Plaintiffs' Motion for Final Approval of Settlement, are hereby approved as reasonable.

5.    The above-captioned action is hereby dismissed on the merits with prejudice as to all Parties, consistent with the terms and releases as set forth in the Settlement Agreement.

/ / /

ORDER GRANTING FINAL APPROVAL OF CLASS
ACTION SETTLEMENT                              CASE NO.: SACV-13-00824-DOC (JPRx)

6.     By this Order and the Judgment entered pursuant to it, effective as of the Effective Date, and in consideration of the Settlement Agreement and the benefits extended to the Class, Plaintiffs and all Class Members, on behalf of themselves and their respective successors, assigns, past, present, and future parents, subsidiaries, joint ventures, partnerships, related companies, affiliates, unincorporated entities, divisions, groups, directors, officers, shareholders, employees, agents, representatives, attorneys, servants, partners, executors, administrators, assigns, predecessors, successors, descendants, dependents, and heirs are deemed to fully release and forever discharge the Released Parties from the Released Claims and fully release and forever discharge the Released Parties and their counsel from any claims arising out of the investigation, filing, defense or resolution of the Lawsuit, and hereby covenant they shall not take any adverse action against the Released Parties or their counsel in response to or in retaliation to settling or dismissal of the Lawsuit or any publicity in connection therewith, or as a result of entering into the Settlement Agreement.

7.     By this Order and the Judgment entered pursuant to it, effective as of the Effective Date, and in consideration of the Settlement Agreement, the Released Parties, on behalf of themselves and their respective successors, assigns, past, present, and future parents, subsidiaries, joint venturers, partnerships, related companies, affiliates, unincorporated entities, divisions, groups, directors, officers, shareholders, employees, agents, representatives, servants, partners, executors, administrators, assigns, predecessors, successors, descendants, dependents, and heirs, are deemed to fully release and forever discharge Plaintiffs and Plaintiffs' Counsel, on behalf of themselves and his or her respective successors, assigns, past, present, and future parents, subsidiaries, joint ventures, partnerships, related companies, affiliates, unincorporated entities, divisions, groups, directors, officers, shareholders, employees, agents, representatives, servants, partners, executors, administrators, assigns, predecessors, successors, descendants, dependents, and

heirs, from any claims arising out of the investigation, publication, filing, prosecution or resolution of the original or amended Complaint filed in the Lawsuit through the date of the Settlement Agreement and hereby covenant they shall not take any adverse action against Plaintiffs or Plaintiffs' Counsel in response to or in retaliation to the filing of the Lawsuit or any publicity in connection therewith through the date of the Settlement Agreement, or as a result of entering into the Settlement Agreement.

8.    With respect to all Released Claims, the Court also finds the Parties (on behalf of themselves and the Class Members) expressly understand and acknowledge that certain state statutes and principles of common law provide that a "general" release does not extend to claims that a creditor does not know or suspect to exist in his, her, or its favor. For example, Cal. Civil Code section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HER OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

To the extent that it could be argued that such statutes or principles of common law are applicable here, the Court recognizes that the Parties agree that any such statutes, principles of common law or other sources of legal authority of any and all jurisdictions that may be applicable are hereby knowingly and voluntarily waived and relinquished, and further agree and acknowledge that this is an essential term of the Settlement Agreement.  The Court recognizes that the Parties understand the statutory language of Section 1542 of the California Civil Code and nevertheless elect to release the Released Parties from the Released Claims, whether known or unknown, and specifically waive any rights that each may have under said Civil Code section, and also fully understand that if the facts with respect to the Settlement Agreement are found hereafter to be other than or different from the facts now believed to be true, expressly accepts and assumes the risk of such

possible difference in fact and agrees that the Settlement Agreement shall be and remain effective, notwithstanding any such difference.

9.     Effective as of the Effective Date, the Court orders and enters a permanent injunction barring and enjoining Plaintiffs and Class Members from instituting, maintaining, or proceeding in any action against the Released Parties, or counsel for the Released Parties, as applicable, with respect to any of the claims set forth in Section III.8 of the Settlement Agreement, expect as provided under the terms of the Settlement Agreement.

10.     The Court appoints the Hon. Charles "Tim" W. McCoy, Jr. (Ret.) as the Compliance Dispute Officer for purposes of enforcing the provisions of the Compliance Protocol as set forth in Exhibit 6 to the Settlement Agreement.  Any disputes or controversies arising with respect to the interpretation, enforcement or implementation of this Order or the Settlement Agreement that are not required to be submitted to the Compliance Dispute Officer pursuant to the Settlement Agreement and the Compliance Protocol are to be submitted by any affected Person to the Court.

11.     Except as otherwise provided for in Section III.3.l.2. and Exhibit 6 of the Settlement Agreement, and without affecting the finality of the judgment entered pursuant to this Order, this Court retains continuing jurisdiction over this settlement, including the administration, consummation, and enforcement of the Settlement Agreement, and review of any Compliance Dispute appealed to the Court.  In addition, without affecting the finality of the judgment entered pursuant to this Order, this Court retains jurisdiction over the Parties, the Released Parties, and each member of the Class, who are deemed to have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of or relating to this Order and the terms of the Settlement Agreement, including Plaintiffs Counsel's pending fee and expense application and Defendants' opposition thereto, without affecting the finality of the judgment entered pursuant

-8-

to this Order.  The terms of this Order are to be directly enforceable under the continuing jurisdiction of this Court as expressly retained by this Court.  All Class Members provided rights under this Order are intended third party beneficiaries of this Order.

12.    Neither the Settlement Agreement nor any provision therein, nor any negotiations, statements, or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the class representatives, Class Counsel, any members of the Class, Defendants or any other Person of any liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Actions are or are not meritorious, and this Order, the Settlement or any such communications shall to the fullest extent permitted by law not be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that the class representatives, any member of the Class or any other Person has or has not suffered any damage; *provided, however*, that the Settlement Agreement, this Order, and the Judgment to be entered thereon may be filed in any action by any Released Party seeking to enforce the Settlement Agreement, this Order, or the Judgment by injunctive or other relief, or to assert defenses including, but not limited to *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.  The terms of the Settlement Agreement and of this Order and the Judgment shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings that are subject to the Release.

13.    In the event that the Effective Date cannot occur, or the Settlement Agreement is cancelled or terminated in accordance for any reason, then this Order and the Judgment shall be automatically rendered null and void.

/ / /

-9-

1       14.    The Court finds that there is no reason for delay and directs the Clerk

2  to enter judgment in accordance with the terms of this Order as of the date of this

3  Order.

4  DATED: <u>July 31, 2014</u>          *David O. Carter*
                                     Hon. DAVID O. CARTER

5                             U.S. District Judge

ORDER GRANTING FINAL APPROVAL OF CLASS         CASE NO.: SACV-13-00824-DOC (JPRx)
ACTION SETTLEMENT